IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Michael A. Latimore, | ) CASE NO. 1:11 CV 272 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| State Farm Fire & Casualty Company, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

This matter is before the Court on two motions:

(1) the Motion of Defendants State Farm Fire & Casualty Company, Kevin Goodnight ("Goodnight") and Scott Hedges ("Hedges") (collectively, "Defendants") for judgment on the pleadings for all claims against Goodnight and Hedges (Document #13), and

(2) Plaintiff Michael A. Latimore's ("Plaintiff") Motion for leave to amend the Complaint. (Document #14.)

For the reasons that follow, Defendants' Motion for judgment on the pleadings is GRANTED. Plaintiff's Motion for leave to amend the Complaint is DENIED. Accordingly, all claims against defendants Goodnight and Hedges are DISMISSED WITH PREJUDICE. The Court retains jurisdiction over the claims against State Farm under 28 U.S.C. § 1332(a).

### I. BACKGROUND

Plaintiff filed suit in the Richland County, Ohio Court of Common Pleas on January 11,

2011. Plaintiff sues State Farm, and Goodnight and Hedges as individual employees of State Farm, for breach of an insurance contract. Plaintiff alleges that he contracted with State Farm to insure his residence against loss due to fire and other casualty. Plaintiff claims that, State Farm, through employees Hedges and Goodnight, wrongfully denied coverage of Plaintiff's claim under the insurance contract for damage caused by a fire and theft, cancelled the policy, failed and refused to reimburse Plaintiff for his covered losses, and otherwise breached the insurance contract.

Defendants removed the suit to federal court on February 8, 2011. Defendants' Motion for judgment on the pleadings seeks dismissal of all claims against Goodnight and Hedges under Fed. R. Civ. P. 12(c). The Motion further requests the Court to retain jurisdiction over Plaintiffs' claims against State Farm under 28 U.S.C. § 1332(a).

In response to Defendants' Motion for judgment on the pleadings, Plaintiff moves for leave to amend the Complaint under Fed. R. Civ. P. 15(a)(2). Specifically, Plaintiff seeks to add an insurance bad faith claim against Goodnight and Hedges.

## II. STANDARD OF REVIEW

### A. Judgment on the Pleadings

The Sixth Circuit reviews motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) under the de novo standard applicable to motions to dismiss under Rule 12(b)(6). *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n. 1 (6th Cir. 1988). Correspondingly, the standard of review used by a district court to rule on a motion for judgment on the pleadings is the same as the standard used to rule on Rule 12(b)(6) motions. *See Gindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). On a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the court's inquiry is essentially limited to the content of the complaint,

although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (6th Cir. 1990). The court "must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1041 (1996). However, while construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993). Thus, a plaintiff must plead more than bare legal conclusions. "A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 434, 436 (6th Cir. 1993))

### B. Leave to Amend

Although the Federal rules of Civil procedure provide that courts "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15 (a)(2), the Sixth Circuit has held that, "Denial may be appropriate . . .where there is 'futility of the amendment." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). "A proposed amendment is futile if the amendment could not withstand a rule 12(b)(6) motion to dismiss." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505 (6th Cir. 2010).

### III. DISCUSSION

Defendants assert that they are entitled to judgment on the pleadings because the

Complaint fails to state a cognizable claim against Goodnight and Hedges for breach of contract. The Complaint references Goodnight and Hedges only twice: (1) Hedges and Goodnight were employed by State Farm and acting within the scope of their employment; and (2) State Farm denied coverage of Plaintiff's insurance claims through its employees, Goodnight and Hedges. (Document #1, ¶¶ 2, 6.) Neither reference alleges that Plaintiff had a contract with Goodnight or Hedges personally. Rather, the Complaint alleges a contract with State Farm. Liability for breach of contract may be imposed only upon parties to the contract. Thus, the Complaint fails to state a claim against Goodnight and Hedges for breach of contract. In fact, Plaintiff expressly concedes that Goodnight and Hedges are entitled to judgment as a matter of law on this claim. (Document #14, p. 2.)

      Plaintiff seeks to amend the Complaint to add a claim against Goodnight and Hedges for the tort of insurer bad faith. Such an amendment would be futile, however.

      Plaintiff fails to cite any authority to support individual employee liability for insurance bad faith. Indeed, it does not appear that any such authority exists in Ohio law.

      Plaintiff's reliance on *Schaefer v. D&J Produce, Inc.*, 403 N.E.2d 1015 (Ohio App. 1978) is misplaced. Plaintiff argues that, under *Schaefer*, corporate tort liability for breach of a legal duty is shared by employees to whom fulfilment of that legal duty is delegated. But *Schaefer* did not address whether an employee can be personally liable for the tort of insurer bad faith. Instead, *Schaefer* involved a personal injury and wrongful death action. The court held that the breach of duty imposed by the general employment or agency relationship may, under general tort principles, be actionable negligence because of the creation or maintenance thereby of an undue risk of harm to others." *Id.* at 1021.

      Unlike *Schaefer*, this case does not involve general tort principles, negligence, or an

undue risk of harm to others. Instead, this case alleges bad faith, which is unique to the insurance industry and dependant upon the contractual relationship between the insurer and the insured. "The tort of bad faith is a breach of the duty established by a particular contractual relationship," rather than general tort principles. *Salvation Army v. Blue Cross & Blue Shield*, 636 N.E.2d 399, 403 (Ohio Ct. App. 1993). To assert a bad faith claim, the parties must have a contractual relationship. *Riverview Health Inst.*, 601 F.3d at 517. As discussed, Plaintiff concedes that there is no contractual relationship between Plaintiff and State Farm employees Goodnight and Hedges. Thus, Plaintiff has no viable bad faith claim.

Because Plaintiff cannot state a claim against Goodnight and Hedges, the only claims remaining in the case are against State Farm. Defendants urge the Court to retain jurisdiction over the remaining claims under 28 U.S.C. § 1332(a). Defendants assert that Goodnight and Hedges were fraudulently joined, such that the Court should ignore their citizenship for purposes of determining diversity.

As is the situation in this case, fraudulent joinder occurs when the plaintiff cannot establish a cause of action against the non-diverse defendant(s). *Terry v. Jackson*, 19 Fed. Appx. 377, 379 (6th Cir. 2001); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (a party is fraudulently joined if there is no "colorable basis for predicting that a plaintiff may recover against non-diverse defendants"). The citizenship of fraudulently joined defendants is ignored for purposes of determining diversity. *Coyne*, 183 F.3d at 493.

Ignoring the citizenship of Goodnight and Hedges, complete diversity of the parties is present (Plaintiff is a resident of Ohio, and State Farm is a resident of Illinois). The parties do not dispute that the amount in controversy exceeds $75,000. Accordingly, the Court retains jurisdiction over this matter under 28 U.S.C. § 1332(a).

## III. CONCLUSION

For the reasons stated above, Defendants' Motion for judgment on the pleadings is GRANTED. Plaintiff's motion for leave to amend the Complaint is DENIED. All claims against Goodnight and Hedges are DISMISSED WITH PREJUDICE. The Court retains jurisdiction over the claims against State Farm under 28 U.S.C. § 1332(a).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 6, 2011